**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | | |
|---|---|---|
| **Robert Murray Gulbranson,** | ) | |
| **(AKA Dexter Poe)** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **1:20-cv-900 (AJT/IDD)** |
| | ) | |
| **Virginia Dept. of Corrections, et al.,** | ) | |
| **Respondent.** | ) | |

**<u>MEMORANDUM OPINION</u>**

Robert Murray Gulbranson, a Virginia inmate proceeding <u>pro se</u>, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction for grand larceny in the Circuit Court of the City of Chesapeake.   (Case No. CR15000993-00).   Respondent has filed a Motion to Dismiss, with a supporting brief, and Gulbranson has been notified of the opportunity to file responsive materials pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975).   Accordingly, this matter is now ripe for disposition.   For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

**I.   Procedural History**

On June 24, 2015, Gulbranson pleaded guilty to one count of grand larceny (Case No. CR15000993-00), and a felony indictment charging him with one count of larceny with intent to sell was terminated by the entry of a <u>nolle prosequi</u>.   (Case No. CR15000993-01).   Prior to his plea, Gulbranson signed a stipulation that he had stolen jewelry form Ms. Carol Hood on November 7, 2014, that he had confessed to the theft, and that the jewelry he had stolen was valued at $5,000.   (Cir. Ct. R. at 60).   On October 29, 2015, the circuit court sentenced Gulbranson to three years and six months in prison.   The court entered judgment on November

3, 2015.   Gulbranson filed a motion for reconsideration of his sentence in the circuit court but that motion was denied on April 20, 2016.   Gulbranson did not appeal his conviction and he has not filed a petition for writ of habeas corpus in state court.   [Dkt. No. 1 at 2, 3, 5, 6, 12].

Gulbranson filed the current § 2254 petition on July 16, 2020,[1] raising the following claim:

> The crime that I am convicted of is now a misdemeanor.   As of 7/1/2020 the value amount on Grand Larceny was raised to $1000.   At the time of my conviction it was $200.   In 2018 it was raised to $500, and then again to $1000 on 7/1/2020.

[Dkt. No. 1 at 5].   Respondent asserts both that Gulbranson's claim is barred by the statute of limitations and that it has no merit.

## II.   Statute of Limitations

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petitioner has a one-year period in which to file a federal petition for a writ of habeas corpus. This period generally begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" and excludes "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."   28 U.S.C. § 2244(d)(1)(A), (d)(2).

The circuit court entered judgment against Gulbranson imposing his sentence on November 3, 2015.   Gulbranson did not appeal and his conviction therefore became final on December 3, 2015, the date on which his time to petition for a direct appeal to the Court of Appeals of Virginia expired.   See Va. Sup. Ct. R. 5A:6; see also Gonzalez v. Thaler, 565 U.S.

---

[1]   Gulbranson did not date his § 2254 petition.   The envelop it was sent in is postmarked July 16, 2020.   [Dkt. No. 1-1 at 2].

134, 150 (2012).   Respondent asserts the statute of limitations began to run on December 3, 2015.   [Dkt. No. 13 at 3-4].   If December 3, 2015 is the operative date, then Gulbranson had until December 5, 2016 to file a federal petition for a writ of habeas corpus.[2]

Gulbranson's claim, however, is not predicated upon his conviction, but upon the date the statute took effect July 1, 2020.   See 2020 Va. Acts 89.   Under § 2244(d)(1)(D), the statute begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."   In this instance that is July 1, 2020.   Accordingly, this matter will not be dismissed as barred by the statute of limitations.

### III.   Exhaustion

Respondent asserts that Gulbranson's claim is both exhausted and defaulted because Gulbranson did not raise his claim in state court and if Gulbranson returned to state court to exhaust the claim it would be barred by the state habeas statute of limitations — Virginia Code § 8.01-654(A)(2).   Under that statute, however, the state statute of limitations begins to run on the date the action accrued, which appears to have been July 1, 2020, which is the date upon which the claim is predicated.   Cf. Booker v. Dir. of the Dep't of Corr., 727 S.E.2d 650, 651 (Va. 2012) ("Petitioner's cause of action accrued in this matter on June 16, 2009, when the circuit court entered the order under which petitioner is currently detained.").   Consequently, § 8.01-654(A)(2) would not bar a state habeas petition.

It does appear, however, that Respondent has waived exhaustion because he has asserted

---

[2]   Gulbranson is not entitled to 90 days of tolling for filing an application for writ of certiorari with the United States Supreme Court because he did not properly maintain a direct appeal through the highest available state court.   See Butler v. Cain, 533 F.3d 314, 316-19 (5th Cir. 2008); Riddle v. Kemna, 523 F.3d 850, 852-56 (8th Cir. 2008); Pugh v. Smith, 465 F.3d 1295, 1297-1300 (11th Cir. 2006).

the claims were exhausted and he has addressed the merits.   See Dennis v. Mitchell, 68 F. Supp. 2d 863, 879 (N.D. Ohio 1999) (the State has waived the exhaustion requirement by stating in its return that "[t]he claims in the petition as presently constituted are exhausted.").   Even if Respondent has not waived, however, § 2254(b)(2) provides that "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."   28 U.S.C. § 2254 (b)(2); see, e.g., Gorman v. Goord, No. 02-CV-5489, 2003 U.S. Dist. LEXIS 22591, *7 (E.D.NY. Oct. 8, 2003) ("Pursuant to AEDPA, a district court may now, in its discretion, deny on the merits habeas petitions containing unexhausted claims—so-called "mixed petitions.") (citing § 2254(b)(2)), aff'd, 154 Fed. Appx. 269 (2d Cir. 2005); Bowling v. Parker, 138 F. Supp. 2d 821, 848 (E.D. Ky. 2001) (§ 2254(b)(2)).   Gulbranson's claim has no merit as demonstrated by a recent decision by the United States District Court for the Western District of Virginia rejecting a nearly identical claim.   Abdul-Sabur v. Virginia, No. 7:18cv00518, 2019 U.S. Dist. LEXIS 143735 (W.D. Va. Aug. 23, 2019).

In Abdul-Sabur, the petitioner argued "that Virginia was required to reduce his conviction for grand larceny of a computer to a misdemeanor once the grand larceny threshold increased to $500" effective July 1, 2018.   Id. at *4-5.   Applying Virginia Code § 1-239 (formerly cited as Va. Code § 1-16), which states in pertinent part that "[n]o new act of the General Assembly shall be construed to repeal a former law, as to any offense committed against the former law," the state circuit court rejected the petitioner's state habeas claim "that the 2018 amendment to the grand larceny statute should apply retroactively to reduce his criminal liability."   Id. at *5 (citing Ruplenas v. Commonwealth, 275 S.E.2d 628, 630-32 (Va. 1981) (holding under Va. Code § 1-16 that the "penalty in existence at the time of the offense should be

applied unless the Commonwealth first elects to proceed under the new statute and obtains the consent of the defendant to do so."); Abdo v. Commonwealth, 237 S.E.2d 900, 903 (Va. 1977) (holding that under Va. Code 1-16, election to proceed under new statute must occur before judgment is pronounced).

In dismissing the federal habeas petition, the district court held that

[a] state court's determination regarding whether to give retroactive application to a state statute is a matter of state law that is not cognizable in a federal habeas corpus action. Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); Warren v. Kyler, 422 F.3d 132, 136 (3d Cir. 2005) (holding that the Due Process Clause is not implicated when a state court declines to give retroactive effect to one of its own decisions).

Id. at *5. See also Bateman v. Huffman, No. 89-6731, 1990 U.S. App. LEXIS 27352, *3 (4th Cir. May 7, 1990) ("under Va. Code § 1-16, the repeal of a criminal statute has no effect on a punishment incurred under the former law. There is no constitutional defect in this procedure."). Gulbranson's claim has no merit as a matter of law.

Finally, the state court record establishes that the underlying facts establish that Gulbranson's claim has also no basis in fact. As part of his plea proceedings in 2015, Gulbranson stipulated that the jewelry he stole was worth $5,000. Accordingly, his theft exceeds the misdemeanor amount in the statute upon which he seeks relief.

5

### III. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss [Dkt. No. 11] is granted, and this petition must be dismissed with prejudice.   An appropriate Order and judgment shall issue.[3]

_____

Anthony J. Trenga
United States District Judge

Entered this __15th__ day of ___December___ 2020.

Alexandria, Virginia

---

[3]   An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA").   28 U.S.C. § 2253(c)(1)(A).   A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"   Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).   Petitioner fails to meet this standard.